# EXHIBIT B

| | |
|---|---|
| **STATE OF MINNESOTA** | **DISTRICT COURT** |
| **COUNTY OF WASHINGTON** | **TENTH JUDICIAL DISTRICT** |

CYNTHIA METIVIER,

Plaintiff,

v.

DEUTSCHE BANK TRUST COMPANY AMERICAS, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10, OCWEN LOAN SERVICING, LLC, and ABC CORPORATION and/or JOHN DOE DEFENDANTS, and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,

Defendants.

Court File No. ________________

**NOTICE OF FILING OF REMOVAL TO FEDERAL COURT**

TO: THE CLERK OF COURT; AND PLAINTIFF ABOVE-NAMED.

PLEASE TAKE NOTICE that Defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10 ("Trustee") and PHH Mortgage Corporation, as successor in interest to Ocwen Loan Servicing, LLC ("PHH")[1] (together, "Removing Defendants"), by and through their attorneys, Dykema Gossett, PLLC, hereby provide notice that they are removing this action from Minnesota District Court, Tenth Judicial

[1] Incorrectly named by Plaintiff under its former name "Ocwen Loan Servicing, LLC."

District, Washington County, to the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

In support of its Notice of Removal, Removing Defendants state as follows:

**I. Removal Procedure**

1. On or about November 4, 2019, Plaintiff served this lawsuit on Removing Defendants. Removing Defendants subsequently filed same in Washington County District Court on November 19, 2019.

2. The Summons and Complaint constitute all process and pleadings received by Removing Defendants in this action, and are attached hereto as **Exhibit A**.

3. Consistent with 28 U.S.C. § 1446(b)(1), this Notice of Removal is filed within thirty (30) days of Removing Defendants' receipt of the Summons and Complaint.

4. Plaintiff's claims may be removed from Minnesota District Court, First Judicial District, Dakota County, pursuant to 28 U.S.C. §§ 1331 and 1441 because the District of Minnesota is the District embracing the place where the action is pending and there is diversity of citizenship. The state-court action is not a nonremovable action under 28 U.S.C. § 1445.

5. A Notice of Removal has been filed in the United States District Court for the District of Minnesota, as required by 28 U.S.C. § 1446(d), and is attached hereto as **Exhibit B**, and copies of the same have been served upon Plaintiff as verified by the attached proof of service.

**II. Diversity of Citizenship Exists.**

6. The United States District Court for the District of Minnesota has original jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and the Removing Defendant, and because the amount in controversy exceeds $75,000.00.

7. Upon information and belief, and according to the Complaint, Plaintiff is a resident of Minnesota. The Complaint does not allege that Plaintiff has any intention of leaving Minnesota. Given her present domicile, Plaintiff is a Minnesota citizen for purposes of diversity jurisdiction.

8. Neither PHH nor Trustee are a Minnesota citizens for purposes of diversity jurisdiction. PHH is a citizen of New Jersey for purposes of diversity jurisdiction. "[A] corporation is 'deemed to be a citizen' only of 'any State by which it has been incorporated' and 'of the State where it has its principal place of business.'" *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 317 (2006). PHH is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes.

Likewise, Trustee is a national banking association acting as a trustee of a trust. As trustee, Trustee's citizenship controls for diversity purposes. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) "[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee." In *Wachovia Bank*, the Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located. 546 U.S. at 307; *see also* 28 U.S.C. §

1348. Trustee's main office, as designated in its articles of association, is located in California. Therefore, Trustee is a citizen of California for diversity purposes.

9. The amount in controversy requirement is also met. A removing defendant must show that the claims "could, that is might, legally satisfy the amount in controversy requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005); *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002) ("The jurisdictional fact . . . is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are.")

10. When a plaintiff seeks non-monetary relief, such as a declaratory judgment or equitable relief, the amount in controversy is measured by the value of the right sought to be enforced. *Burns v. Mass. Mut. Life Ins. Co.*, 820 F.2d 246, 248 (8th Cir. 1987); *MCC Mortg. LP v. Office Depot, Inc.*, 685 F.Supp.2d 939, 943 (D. Minn. 2010). In other words, the amount in controversy is tested "by the value of the suit's intended benefit to the plaintiff." *Mass. State Pharm. Ass'n v. Fed. Prescription Serv., Inc.*, 431 F.2d 130, 132 (8th Cir. 1970); *accord, e.g., Advance Am. Servicing of Ark., Inc. v. McGinnis*, 526 F.3d 1170, 1173 (8th Cir. 2008). Thus, a court should "examine the value of the right the plaintiff seeks to enforce, or put differently, the object the plaintiff seeks to accomplish through litigation." *Garland v. Mortgage Elec. Registration Sys., Inc.*, Civil No. 09-71 (JNE/JJG), 2009 WL 1684424, at *1 (D. Minn. June 16, 2009).

11. Here, the amount in controversy requirement is met because Plaintiff seeks a determination that the foreclosure is void and that Plaintiff remains the owner of the subject property despite the foreclosure. According to the 2018 Washington County

property records, the real property in question has a market value of approximately $406,600. Thus, the amount in controversy exceeds the sum or value of $75,000.00.

12. If any question arises as to the propriety of the removal of this action, Removing Defendants request the opportunity to brief any disputed issues and to present oral argument in support of their position that this case is properly removable. By filing this Notice of Removal, Removing Defendants do not waive any defense which may be available to them.

WHEREFORE, Removing Defendants serve Notice that this action has been removed to the United States District Court for the District of Minnesota.

Dated: November 19, 2019

Respectfully Submitted,

**DYKEMA GOSSETT PLLC**

By:/s/ Michael A. Stephani
Michael A. Stephani (#0390262)
Kristina H. Kaluza (#0390899)
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402
Phone: (612) 486-1596
Fax: (855) 262-1827
mstephani@dykema.com
kkaluza@dykema.com

*Attorneys for Defendants*