**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Cynthia Metivier,<br><br>                Plaintiff,<br><br>v.<br><br>Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10, Ocwen Loan Servicing, LLC, and ABC Corporation and/or John Doe Defendants, and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein,<br><br>                Defendants. | Case No. 19-cv-02929 (ECT/BRT)<br><br>**DEFENDANTS DEUTSCHE BANK TRUST COMPANY AMERICAS, AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC. MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-QS10 AND OCWEN LOAN SERVICING, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REMAND MOTION** |

---

Defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10 ("Deutsche Bank, Trustee") and PHH Mortgage Corporation, ("PHH Mortgage")[1] (together, "Defendants"), by and through their attorneys, Dykema Gossett, PLLC,

---

[1] Incorrectly named by Plaintiff. The correct party in interest is PHH Mortgage Corporation ("PHH Mortgage"), a New Jersey corporation. Ocwen Loan Servicing, LLC ("OLS"), a Delaware limited liability company, merged with and into PHH, with the surviving entity retaining the name "PHH Mortgage Corporation." PHH Mortgage is a subsidiary of PHH Corporation ("PHH"), a Maryland corporation, which itself is a subsidiary of Ocwen Financial Corporation, which is a Florida corporation. The caption should be modified to change "Ocwen Loan Servicing, LLC" to "PHH Mortgage Corporation."

1

respectfully ask the court to deny Plaintiff's Motion to Remand because there are no procedural defects in Defendants' removal, and this Court has proper diversity jurisdiction under 28 U.S.C. § 1332(a).

## Introduction

As part of Plaintiff's years-long effort to continue living in her luxury townhome at Defendants' expense[2], she is seeking to remand (and necessarily prolong) her current lawsuit by disingenuously arguing that the service of her complaint upon Defendants was inadequate, and by also claiming that this Court lacks diversity jurisdiction when she[3] is or should be well aware that both Defendants are diverse from her and each other, and that the amount in controversy greatly exceeds $75,000.

Aside from the fact that Plaintiff successfully served PHH Mortgage through its agent for service, both Defendants very clearly submitted to the jurisdiction of the state court by not only filing and appearing in that court, but by also removing the action to this Court and answering the complaint. Defendants have not raised any affirmative defenses based on service or jurisdiction, and filed the requested waivers of service prior to Plaintiff filing her remand motion.

Defendants also meet the requirements for complete diversity and amount in controversy. There is no good faith dispute as to whether or not the Defendants are diverse,

---

[2] Plaintiff has made no payment toward her mortgage since at least early 2016.
[3] Plaintiff is an attorney.

particularly considering that as plead, Plaintiff's own complaint concedes the diversity of Defendants. The remaining issue is whether the amount in controversy exceeds $75,000 where the relief requested by Plaintiff would void a foreclosure sale that has already occurred and return fee title to a property with a market value of approximately $406,600 and a mortgage balance in excess of $507,896 to Plaintiff. Courts in this district have held that the market value of the property or the amount of the underlying mortgage debt are sufficient to establish the amount in controversy. Here, both figures are significantly higher than $75,000. Accordingly, this Court has jurisdiction under 28 U.S.C. § 1332(a) and it should deny Plaintiff's Motion to Remand.

## Argument

### I. There are no Procedural Defects Preventing Removal

Plaintiff attempts to argue that Defendants have not been served in this matter, but in so doing, she omits the fact that she actually did serve PHH Mortgage, and ignores the numerous actions taken by both Defendants to submit to the jurisdiction of the state court.

While it is true that Plaintiff failed to properly serve Defendant Deutsche Bank, Trustee, she did complete service upon PHH Mortgage on November 4, 2019 by delivering her summons and complaint to PHH Mortgage's registered agent, Corporation Service Company, in compliance with Minn. R. Civ. P. 4.03(c). (*See* Declaration of Michael A. Stephani, ¶ 2, Ex. A.) Due to the contractual relationship between Defendants and the fact

that both are represented by the same counsel, Defendants jointly proceeded to take the necessary steps to defend the case, beginning with removal.

To the extent Plaintiff maintains that Defendant Deutsche Bank, Trustee has not been served, this Court must look to Deutsche Bank, Trustee's actions in this litigation. Both the Minnesota and United State Supreme Courts have held that "[t]he actions of the defendant may amount to a legal submission to the jurisdiction of the court…" *Patterson v. Wu Family Corp.*, 608 N.W.2d 863, 868 (Minn. 2000), citing *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 705 (1982). Federal courts have found that even in cases where defendants have raised jurisdictional defenses, these have been considered waived through conduct. *See Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1297 (7th Cir. 1993) (objection to personal jurisdiction waived by extensive participation in the merits) and *Datskow v. Teledune, Inc.*, 899 F.2d 1298, 1300 (2nd Cir. 1990) (defendant waived defense of ineffective service despite including it in answer; defendant actively participated in litigation…).

At no time has Deutsche Bank, Trustee raised defective service as an affirmative defense.[4] Quite the contrary, Deutsche Bank, Trustee appeared in the state court case to the extent it participated in the removal of the lawsuit. It then filed its own answer in this Court, wherein it did not include any objections to service or jurisdictional challenges.

---

[4] During the meet and confer call with Plaintiff, counsel for Defendants reiterated that neither of the Defendants were objecting to service or otherwise interested in challenging the jurisdiction of any court in this matter.

Further, both Deutsche Bank, Trustee and PHH Mortgage filed service waivers once the issue was raised by Plaintiff out of an abundance of caution and in an effort to appease Plaintiff's misplaced concern for the waivers.

## II.     There is Complete Diversity

Defendants can easily put to rest any concerns about the diversity of PHH Mortgage and Deutsche Bank, Trustee. Both Defendants are very transparent about where they are organized and where their principal places of business are located, with such information easily accessible through public forums. There is no dispute that the Plaintiff is a resident of Minnesota, as the same is stated in her complaint, and is not addressed in her remand motion.

A corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As noted above, Ocwen Loan Servicing, LLC merged with and into PHH Mortgage Corporation, effective June 1, 2019, with the surviving entity retaining the name "PHH Mortgage Corporation." (*See* Stephani Dec. at 4, Ex. B.) PHH Mortgage Corporation is incorporated under the laws of New Jersey with its principal place of business located at 1 Mortgage Way, Mount Laurel, New Jersey 08054. (*See* Stephani Dec. at 5, Ex. C.) For purposes of diversity, PHH Mortgage is a citizen of New Jersey.

For diversity purposes, the citizenship of a trust is determined by the citizenship of the trustee. *See Navarro Savings Ass'n v. Lee,* 446 U.S. 458, 464-466 (1980) and *May*

*Dep't Stores Co. v. Federal Ins. Co.*, 305 F.3d 597, 599 (7th Cir. 2002). Deutsche Bank Trust Company Americas is a corporation organized under the laws of the State of New York, with its principal place of business located at 60 Wall Street, New York, New York 10005. (*See* Stephani Dec. at 6, Ex. D.) For purposes of diversity, Deutsche Bank, Trustee is a citizen of New York.

Because the Defendants are diverse from each other and Plaintiff, there is complete diversity in this matter, and Plaintiff's Motion to Remand should be denied.

**III.     The amount in controversy exceeds $75,000.**

In cases like this one where a foreclosure sale has already occurred and the title of the property is in dispute, the amount in controversy should be determined by the market value of the property or the amount of the underlying mortgage debt. "Where an action involves declaratory or injunctive relief, and the plaintiff does not seek a particular amount of damages, the amount is measured by the value of the object of the litigation." *Garland v. Mortgage Electronic Registration Sys., Inc.,* Nos. 09-cv-71, 09-cv-72, 09-cv-342, 09-cv-430 (JNE/JJG), 2009 WL 1684424, at *1 (D. Minn. June 16, 2009) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997); *see also Kienholz v. Ocwen Loan Servicing, LLC*, 16-cv-01397 (JNE/KMM) (D. Minn. September 9, 2016) (Report and Recommendation).

In *Garland*, the plaintiff challenged the defendant's foreclosures on various residential properties. The court held that either the amount of the underlying mortgage or

the market value of the property may be used to calculate the amount in controversy for purposes of diversity, reasoning:

> "…where there is a dispute about the validity of a foreclosure, the amount in controversy will either be the amount of the underlying debt or the fair market value of the property. This principle is highly persuasive here. The fundamental dispute here is not about the right to occupy the property; it is about who owns the property. If the plaintiffs prevail, and they invalidate the foreclosures, then they will continue to own the property. If the plaintiffs lose, the foreclosure sale is valid and title passes to MERS and its successors. The most appropriate way to measure the value of this right is by value of the property itself."

*Garland*, 2009 WL 1684424 at *7.

The amount in controversy in this case easily exceeds $75,000 because the public records—which the court may take judicial notice of—show that the market value of the property is approximately $406,600 and the amount of the mortgage debt at the time of the foreclosure sale was approximately $507,896. (*See* Stephani Dec. at 7-8, Exs. E and F.)[5] Because the object of this lawsuit is to void a foreclosure sale and return fee title of the property to Plaintiff, the market value of the property or the amount of the mortgage debt is the appropriate rubric for measuring the amount in controversy. The math is simple and both figures greatly exceed the $75,000 threshold of 28 U.S.C. § 1332(a).

Plaintiff cites to no foreclosure case—and there are dozens of them in this district— where a court remanded a case in a lawsuit brought by a homeowner after a foreclosure

---

[5] The court may take judicial notice of public records maintained by Washington County pursuant to Fed. R. Evid. 201. *See also Stahl v. U.S. Dep't of Agric.,* 327 F.3d 697, 700 (8th Cir. 2003) (the district court may take judicial notice of public records).

sale had occurred and where the object of the action was to void the foreclosure sale and return fee title to the homeowner.

Defendants have established through the public record related to the property that its market value is approximately $406,600, and the amount of the underlying mortgage debt at the time of foreclosure was approximately $507,896. This Court therefore has jurisdiction based on diversity.

## Conclusion

This Court has jurisdiction based on diversity, and there are no procedural defects precluding removal. This Court should deny Plaintiff's Motion for Remand in its entirety.

Dated:  January 8, 2020

**DYKEMA GOSSETT PLLC**

s/ Michael A. Stephani
Michael A. Stephani (#390262)
Kristina Kaluza (#390899)
Dykema Gossett PLLC
4000 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3903
Ph. 612.486.1596
Fax 877.262.1827
mstephani@dykema.com
kkaluza@dykema.com

Attorneys for Defendants Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10 and PHH Mortgage Corporation