UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Cynthia Metivier, | File No. 19-cv-2929 (ECT/BRT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc. Mortgage Asset-Backed Pass-Through Certificates, Series 2007-QS10; Ocwen Loan Servicing, LLC; and ABC Corporation and/or John Doe Defendants, and also all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein, | |
| Defendants. | |

Cynthia Metivier, *pro se*.

Michael A. Stephani and Kristina Kaluza, Dykema Gossett PLLC, Minneapolis, MN, for Defendants Deutsche Bank Trust Company Americas and Ocwen Loan Servicing, LLC.

It is difficult to fault a litigant (or anyone, really) for getting work done ahead of schedule. We usually encourage that. In this case filed originally in Minnesota state court, Defendants removed the case to federal court well ahead of schedule. To summarize, the law gives a defendant 30 days after being served with process or waiving service to remove a case from a state court to a federal court. Here, Defendants removed the case after receiving the complaint but before receiving or waiving formal service. Defendants, in other words, removed the case before their 30-day clock started running. As it turns out—

owing to the pairing of the federal removal statutes and Minnesota's outlier status as a "pocket-service" state—Defendants' removal was too ahead of schedule, and the law requires that the case be remanded to Minnesota state court.

Pro se Plaintiff Cynthia Metivier, an attorney, alleges in a six-count complaint that Defendants Deutsche Bank Trust Company Americas, Ocwen Loan Servicing, and unknown others violated federal and state law when they foreclosed on her home's mortgage. *See* Compl. [ECF No. 1-1 at 4–26]. In her complaint, Metivier seeks an order vacating the mortgage sale, other equitable relief of various types, damages, attorney's fees, costs, and interest. *Id.* at 21–22. After receiving Metivier's complaint, Defendants filed a notice of removal in this Court, invoking federal diversity jurisdiction under 28 U.S.C. § 1332(a). *See* Notice of Removal [ECF No. 1]. Metivier has filed a motion to remand, ECF No. 6, and understanding Metivier's remand motion requires first describing the events that gave Defendants notice of her complaint and Defendants' removal and related activities with some particularity:

- On November 1, 2019, Metivier sent a summons, a complaint, and two copies of a waiver of service of summons form by certified mail to the two entities she thought were Deutsche Bank and Ocwen's respective agents for service of process in Minnesota. Mem. in Supp. at 1–2 [ECF No. 8]; Notice of Removal, Ex. A [ECF No. 1-1].

- The summons, complaint, and waiver of service forms each included a caption indicating that the case's venue would be Minnesota's Tenth Judicial District, Washington County. Notice of Removal, Ex. A. However, Metivier did not file— and as far as the record shows, has not filed—her complaint with the state district court.

- On November 7, the entity to whom Metivier sent the summons, complaint, and waiver of service forms intended for Deutsche Bank, CT Corporation System, Inc., sent Metivier a letter explaining that it was "not the registered agent for an entity by the name of Deutsche Bank Trust Company Americas." Mem. in Supp., Ex. A [ECF No. 9]. There is no evidence in the record that Metivier has taken further steps to provide or serve Deutsche Bank with these documents.

- On November 5, the entity to whom Metivier sent the summons, complaint, and waiver of service forms intended for Ocwen, CSC Global, evidently transmitted these documents to Ocwen along with a one-page document identifying several categories of information concerning the materials and CSC's receipt of them. Notice of Removal, Ex. A; Stephani Decl., Ex. A [ECF No. 15-1].

- On November 19, Deutsche Bank and an entity called PHH Mortgage Corporation filed a notice of removal in this Court. *See* Notice of Removal. Defendants say the "correct party in interest is PHH Mortgage Corporation," and that Ocwen Loan Servicing "merged with and into PHH, with the surviving entity retaining the name 'PHH Mortgage Corporation.'" Mem. in Opp'n at 1 n.1 [ECF No. 14].

- On November 19, Deutsche Bank and PHH also filed a notice of removal with the Minnesota state district court in Washington County. Notice of Filing of Removal to Federal Court [ECF No. 1-2]. Deutsche Bank and PHH included in their state-court filing copies of the notice of removal filed in this Court and a copy of the summons and complaint. *Id.* ¶¶ 1–2; *see also Metivier v. Deutsche Bank Tr. Co. Ams.*, No. 82-CV-19-5623 (Wash. Cty., Minn.).

- On November 26, Deutsche Bank and PHH filed answers to the complaint in this Court. ECF Nos. 3, 4.

- On December 17, Deutsche Bank and PHH filed in the state court—but not in this Court—signed waiver of service forms that Metivier sent them on November 1. Reply Mem. at 3 [ECF No. 17]. Deutsche Bank and PHH's counsel signed the forms, one on behalf of each entity, also on December 17. *Metivier*, No. 82-CV-19-5623, Index Nos. 3, 4.

3

Several settled rules govern remand motions. The removing party (as the party invoking federal jurisdiction) bears the burden of establishing that jurisdiction by a preponderance of the evidence. *See Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009). The requirements of removal jurisdiction must be narrowly construed. *Arnold Crossroads, L.L.C. v. Gander Mountain Co.*, 751 F.3d 935, 940 (8th Cir. 2014). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011) (quotation omitted). Remand is required under 28 U.S.C. § 1447(c) "when the district court lacks subject matter jurisdiction or the removal was procedurally defective." *St. John v. Int'l Ass'n of Machinists & Aerospace Workers*, 139 F.3d 1214, 1216 (8th Cir. 1998). A notice of removal must be "filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). A defendant "becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

Especially relevant here, a civil action may not be removed to federal court until it has been "*brought* in a State court." 28 U.S.C. § 1441(a) (emphasis added). The federal courts seem uniformly to understand the term "brought" in § 1441(a) to mean "commenced." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) ("A civil case

4

*commenced* in state court may, as a general matter, be removed by the defendant to federal district court, if the case could have been brought there originally." (emphasis added) (citing 28 U.S.C. § 1441)); *Broom v. TRW Credit Data*, 732 F. Supp. 66, 68 (E.D. Mich. 1990) ("The removal statute, 28 U.S.C. § 1441(a), provides for the removal of cases 'brought in a State court.' The word 'brought' in this instance is intended to have no more than its usual connotation of 'commenced.'"); *Haun v. Retail Credit Co.*, 420 F. Supp. 859, 862 (W.D. Pa. 1976) (same). Cases from this District reflect this same understanding, describing as an "axiomatic principle that a dispute is not removable until the plaintiff actually commences a civil action in state court." *Hudelson v. Berkshire Life Ins. Co. of Am.*, No. 09-cv-3220 (ADM/RLE), 2010 WL 889962, at *1 (D. Minn. Mar. 8, 2010); *see also Lockhart v. CitiMortgage, Inc.*, No. 10-cv-4624 (DSD/FLN), 2011 WL 1790342, at *1 (D. Minn. May 10, 2011) (same).

Minnesota law must be followed to determine whether a state-court civil action has been "commenced." *MW Ag, Inc. v. New Hampshire Ins. Co.*, 107 F.3d 644, 646 (8th Cir. 1997). As relevant here, Minnesota law provides that a civil action is "commenced" or "brought" in any of three ways: (1) when the summons is served upon the defendant; (2) at the date of signing a waiver of service pursuant to Rule 4.05; or (3) when the summons is delivered to the sheriff in the county where the defendant resides. Minn. R. Civ. P. 3.01. Minnesota requires personal service, and "service by mail is not personal service." *Melillo v. Heitland*, 880 N.W.2d 862, 864 (Minn. 2016). The serving party may request that the defendant waive service of a summons, thereby waiving personal service. Minn. R. Civ. P. 4.05. But a defendant's failure to return a waiver means that there was not service on

5

that defendant. *MW Ag*, 107 F.3d at 647; *see also Coons v. St. Paul Cos.*, 486 N.W.2d 771, 774–75 (Minn. Ct. App. 1992) (finding service ineffective when defendant admitted it twice received the summons and complaint by mail but did not return acknowledgements of service). In that situation, the "plaintiff must secure personal service to obtain jurisdiction." *MW Ag*, 107 F.3d at 647.

Here, none of these events occurred prior to Defendants' removal. There is no suggestion Deutsche Bank or Ocwen (or PHH) has ever been served personally or that process was delivered to a sheriff. Though waiver of service forms were executed and filed with the state district court, the execution of the forms occurred after removal and was, in any event, untimely. Minn. R. Civ. P. 4.05(a)(5). What's more, pleadings filed after the notice of removal cannot confer pre-removal jurisdiction. *See Lockhart*, 2011 WL 1790342, at *2. Defendants argue that they submitted to the jurisdiction of the state court by removing the case to federal court and point out that their answers did not plead defective service as an affirmative defense. Defendants cite no authority suggesting that either of these propositions warrants the denial of Metivier's remand motion. Concluding that removal alone establishes a state court's jurisdiction or triggers a defendant's removal right would render § 1441(a)'s requirement that a civil action be "brought" meaningless. This interpretation would mean that removal would satisfy a prerequisite to removal. That is not logical. Defendants' decision not to contest service seems a worthy effort "to secure the just, speedy, and inexpensive determination of" this case, Fed. R. Civ. P. 1, but when, as here, a plaintiff objects, a defendant's consent cannot substitute for a federal statutory prerequisite. All of this means that Metivier's remand motion must be granted.

The federal removal statutes are not a perfect fit in cases removed from state courts where, like Minnesota's, an action is commenced on service and not on filing. Take this case as an example. Determining whether a Minnesota state court action was "brought" within the meaning of 28 U.S.C. § 1441(a) required determining whether service occurred. It did not here, making remand necessary. However, a different removal statute contemplates that removal may be proper though "service has not been perfected." 28 U.S.C. § 1448. And federal courts often acknowledge that removal does not waive the removing party's right to object to insufficient service of process. *E.g.*, *Lewis v. Auto-Owners Ins. Co.*, No. 1:18-cv-03999-SCJ, 2019 WL 5287945, at *2 (N.D. Ga. Apr. 4, 2019); *Shipp v. Oskaloosa Cmty. Sch. Dist.*, No. 4:18-cv-00087-RGE-SBJ, 2018 WL 8665815, at *3, 4 (S.D. Iowa May 8, 2018); *Gill v. Jacobs Eng'g. Grp., Inc.*, No. 08-cv-647-BAJ-SCR, 2011 WL 3796751, at * 2 (M.D. La. Aug. 26, 2011). Perhaps these apparent inconsistencies just show that the federal removal statutes were drafted with the understanding that in the great majority of state courts, as in the federal courts, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3; Joe Muchlinski, Note, *Constraining Minnesota's Hip-Pocket Regime: Too Much or Not Enough? (or Both?) (or Neither?)*, 41 Wm. Mitchell L. Rev. 1556, 1559 (2015). Regardless, Defendants have not cited, and research has not identified, authorities showing that these apparent inconsistencies undermine the conclusion that remand is necessary here. It also seems worth noting that an unsuccessful first attempt at removal does not necessarily prohibit a second attempt, *Cooper v. S and H Inc.*, No. 11-cv-2783 (JNE/SER), 2012 WL 245116, at * 2 (D. Minn. Jan. 25, 2012), and *if* the only objection to removal here is that it

7

was premature because service had not occurred, and *if* service has not yet occurred but does eventually, then a second attempt at removal may be where this case is headed.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1. Plaintiff's Motion to Remand [ECF No. 6] is **GRANTED**; and

2. This matter is **REMANDED** to Washington County District Court.

Dated: May 7, 2020  s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court